UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID HICKMAN                                          CIVIL ACTION

VERSUS                                                 NUMBER: 08-3816

JACQUES MILLER, NATIONWIDE PROPERTY                    SECTION: "B"(1)
& CASUALTY INSURANCE COMPANY

## ORDER and REASONS

Before this Court is Defendants Jacques Miller and Nationwide Property & Casualty Insurance Company's Motion for Summary Judgment on grounds that Plaintiff David Hickman is solely at fault for the accident that serves as the basis of this lawsuit (Rec. Doc. 11). Additionally, before this Court is Defendants' Motion for Partial Summary Judgment as to whether Plaintiff maintained minimum liability insurance coverage on his vehicle (Rec. Doc. 40). These motions are opposed by Plaintiff, who has filed timely oppositions. For the following reasons, Defendants' Motion for Summary Judgment is **DENIED**, and Defendants' Motion for Partial Summary Judgment is **GRANTED**.

**DISCUSSION:**

    A.   Standard for Motion for Summary Judgment

Summary Judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment on the matter. Fed. R. Civ. P. 56(c); See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party has the burden of showing there is no genuine issue of material fact, but may discharge this burden by showing the absence of evidence necessary to support an essential element of the nonmoving party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists if evidence would allow a reasonable jury to return a verdict for the non-movant. *Id.*

B. Motion For Summary Judgment as to Liability

The issue is whether, with regard to the established record, there exists a material issue of fact regarding liability for the accident. Both Defendants and Plaintiff blame each other for the accident (Rec. Docs. 11-2 & 17, respectively). According to the police report, Defendant Miller was traveling in the middle lane westbound on Interstate 10 (Rec. Doc. 11-5 at 2). Then, according to the police report, Defendant Miller's vehicle malfunctioned "disabling the engine" (Rec. Doc. 11-5 at 2). The police report then states that Defendant Miller's vehicle reduced speed abruptly due to the malfunction, and Defendant Miller attempted to move into the right lane and was struck in the rear by Plaintiff's

vehicle(Rec. Doc. 11-5 at 2). Both parties agree that Defendant Miller received citations associated with the accident, with different interpretations of the consequences. Defendants assert the citations were not for moving violations, and immaterial to a determination of liability (Rec. Doc. 34-2 at 2). The record is clear that Defendant Miller received a citation for driving a disabled vehicle and failing to warn other traffic (Rec. Doc. 17-2 at 4). However, the disputed material fact remains relative to whether or not Defendant Miller's "abrupt" lane change caused or materially contributed to the accident and whether or not Plaintiff's "inattention" caused or contributed in a material way to its occurrence.

B. Motion for Partial Summary Judgment

Based on Plaintiffs' lack of automobile insurance coverage at the time of the accident, Defendants contend that Plaintiff's damages should be limited pursuant to La. R.S. 32:866. La. R.S. 32:866 states in relevant that "There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security." Thus, the determination of whether Plaintiff had insurance at the time of the

accident might have legal consequences that limit his recovery.

La. R.S. 32:866 provides that "no pay, no play" is an affirmative defense, and as such the tortfeasor is charged with the burden of proving that the victim is uninsured. *Henderson v. Geico Gen. Ins. Co.*, 36-696 (La.App. 2 Cir. 1/29/03); 837 So. 2d 736, 740. "It is well-settled that the party asserting an affirmative defense has the burden of proof thereon." *Id*. Hence, Defendants' point the Court's attention to a notice of cancellation for failure to pay the premium of Plaintiff's insurance policy that was effective on February 29, 2008 at 12:01 a.m. (Rec. Doc. 40-7 at 16). Defendants' also emphasize that it was Plaintiff that actually provided the cancellation document to Defendants in response to their discovery request (Rec. Doc. 40-2 at 3). Plaintiff asserts that he in fact had proof of valid insurance "with liability limits in excess of those required by Mississippi law," in the form of an insurance card (Rec. Doc. 41 at 5) Additionally, Plaintiff alleges he was never aware of any cancellation notice, as it was mailed to his former address in Indiana, the address of his estranged wife, a named insured under the policy at the time (Rec. Doc. 41 at 6).

The cancellation notice is a definite-quantifiable fact that discontinued Plaintiff's insurance coverage on February 29, 2008 at 12:01am. Undisputed is the fact that the notice of cancellation

was sent to a named insured, Plaintiff's spouse at her current address. The policy was cancelled for non-payment. Plaintiff cannot reasonably assert that he did not know that he was not paying the premiums, or that his estranged wife's failure to do so legally absolves him from the consequences of her failure to pay insurance premiums here for him. Arguably, there could be some basis for a claim against his ex-wife here. The fact remains that Plaintiff did not have auto insurance at the time of the accident. The insurance card is not a legally binding part of the insurance contract, nor does it alter the insured's responsibility to maintain effective coverage by paying premiums. The insurer cannot be accountable for his estranged wife's failure in that regard, nor Plaintiff's lack of due diligence for maintaining this contractual obligation. Accordingly, Summary Judgment on the liability issue is **DENIED**, and Partial Summary Judgment on the application of La. R.S. 32:866 is **GRANTED**, limiting recoverable damages under that statute.

New Orleans, Louisiana, this 26th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE